Requestor: John Jaye Markos, Esq., Village Attorney Village of Lynbrook 269 Merrick Road Lynbrook, New York 11563
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have inquired whether a proposed amendment to a collective bargaining agreement between the village and the labor union representing village police officers would violate State law.
You have informed us that the amendment being considered would provide for a 12-hour work day instead of the present eight-hour work day. Under the proposal, each police officer would work a "3/4, 3/4, 3/3" work schedule (three work days then four days off, three work days then four days off, followed by three work days then three days off. Your concern is section 971 of McKinney's Unconsolidated Laws which provides that no patrolman on a village police force may be scheduled to work
 "more than one tour of duty; such tour of duty shall not exceed eight consecutive hours of each consecutive twenty-four hours and no platoon or member thereof shall be assigned to more than forty hours of duty during any seven consecutive day period, excepting only that in the event of strikes, riots, conflagrations, or occasions when large crowds shall assemble, or other similar emergency, or on a day on which an election authorized by law shall be held, or for the purpose of changing tours of duty."
You have pointed out that the proposed amendment to the collective bargaining agreement conflicts with section 971 in establishing a 12-hour work day and would conflict with the maximum forty hours of duty permitted during any consecutive seven day period.
The Taylor Law requires that public employers, including local governments, negotiate collectively with employee organizations in the determination of the terms and conditions of employment. Civil Service Law § 204(2). A public employer may negotiate any matter, whether or not it involves a term or condition of employment, except in the face of plain and clear prohibitions in statute or controlling decisional law, or restrictive public policy. Matter of Board of Education of Yonkers vYonkers Federation of Teachers, 40 N.Y.2d 268, 273 (1976).
In prior opinions of this office, we have found that disciplinary procedures established by a public employer and an employee organization through bargaining under the provisions of the Taylor Law may replace procedures established by State law. 1982 Op Atty Gen (Inf) 182; 1981 Op Atty Gen 45. We found that the Taylor Law provided the statutory authority for the inclusion of such provisions in collective bargaining agreements. Similarly, in a 1978 opinion, we found that a collective bargaining agreement may vary the provisions of section 971 of McKinney's Unconsolidated Laws. 1978 Op Atty Gen (Inf) 297. We found that section 971 prohibits unilateral employer assignment of police officers to tours of duty in excess of the limits, but does not prohibit tours of duty exceeding the limits which are established through negotiation.
We suggest that you review the Federal Fair Labor Standards Act to ensure that the proposed amendment is consistent with its provisions.
We conclude that a collective bargaining agreement negotiated under the provisions of the Taylor Law may include provisions that are inconsistent with section 971 of McKinney's Unconsolidated Laws, regulating hours of work and tours of duties of village police officers.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.